# Staunton,

## JOEL BAILEY DAVIS COMPANY v. AUGUSTUS AND OTHERS.

September 20, 1906.

1. DEED OF TRUST—*Fraud Appearing on Face of Deed—Presumptions— Case at Bar.*—The provisions of a mortgage or deed of trust may be of such a character as of themselves to furnish conclusive evidence of fraudulent intent, but the presumption of law is in favor of honesty, and the court cannot presume fraud unless the terms of the deed preclude any other inference. In any case, the intent with which the deed was made is the vital subject of inquiry. In the case at bar the provisions of the deed do not show any fraudulent intent.

2. DEED OF TRUST—*Stipulation for Release of Debts Not Paid.*—A provision in a deed of assignment by a debtor of all his property for the payment of his debts, which stipulates for his release by his creditors from personal liability for such part of their debts as the funds may not discharge, is valid.

3. DEED OF TRUST—*Provision for Omitted Debts.*—A provision in a deed of trust executed with the declared purpose of securing all of the debtor's creditors without discrimination, which secures, in addition to the debts named in the deed, such debts as may have been inadvertently omitted, and which may be admitted by the grantor or otherwise shown to be correct, is valid.

4. DEED OF TRUST—*Determination of Amount of Claims—Debts Admitted By Grantor—Duty of Trustees.*—A provision in a deed of trust to secure creditors for the payment of debts admitted by the grantor or otherwise shown to be correct, and that the approval of the grantor may be taken by the trustees as conclusive of the correctness of the debts, accompanied by a provision authorizing the trustees to adjust and correct any debt incorrectly stated in the deed and to pay the same according to the true amount thereof, is not objectionable on the ground that it binds the trustees to pay all debts that are admitted by the grantor without reference to their correctness. Under the accompanying provisions the trustees may

take the approval of a debt by the grantor as conclusive of its correctness, but they are not bound to do so, and even independently of this provision it would be the duty of the trustees to determine the true amount of the claims to be paid by them.

5. DEED OF TRUST—*Compromise and Adjustment of Debts by Trustees.* A clause in a deed of trust to secure creditors authorizing the trustees to compromise and adjust on such terms as they may deem expedient any claims which may be in dispute as to validity or amount, is unobjectionable. This provision does not authorize the trustees to compromise and adjust any or all claims, but only such as to which there is a *bona fide* dispute or question, leaving them to pay the amount due.

6. DEED OF TRUST—*Description of Property—Case at Bar.*—A description in a deed of trust to secure creditors of the property conveyed as "all the stock of goods owned by the grantor, situated in the storehouse now occupied by him, No. 1028 Main street, Lynchburg, Va.; and also all cash in bank, any and all accounts or other choses in action which may be owned by the said A.; also the lease on the said store-house, his merchant's license, and any other right owned by said A. in connection with his business at said place," is sufficient.

7. DEED OF TRUST—*Notice to Creditors Not Listed—Construction.*—A provision in a deed of trust to secure creditors that the trustees may give notice to any creditor not named in the deed, by advertising in a daily paper for a period of five days, to present his claim, and that after the expiration of ten days from the first publication the trustees shall proceed with the execution of the trust upon the hypothesis that there are no other creditors than such as may have then presented their claims, unless such other claims shall thereafter be presented before the actual distribution of the fund, does not apply to the creditors named in the deed.

8. DEED OF TRUST—*Execution of Trust—Statement of Assets—Acceptance by Creditors—Time for Making Election—Case at Bar.*—A provision in a deed of trust to secure creditors that after the trustees have ascertained all creditors and after all the money to be realized has come into their hands, or a sufficient proportion thereof to enable the creditors to approximate the amount, they shall submit such statement to the general creditors as will enable them to approximate the proportion of their claims which will be paid from the trust fund, and to act advisedly, is not objectionable in that it does not afford the creditors a reasonable time within which to make their election, and fails to specify a time within which

they may obtain such information as the deed does not afford them, and decide understandingly whether or not to accept the deed. Such provision means that when the statement is furnished a reasonable time will be given the creditors in which to act, and this is all that can be asked or required.

9. Deed of Trust—*Provision for Attorney's Fees to Trustees.*—A clause in a deed of trust to secure creditors providing for the payment out of the money realized of a fee to the trustees, in addition to commissions, for such legal services as they may render the trust in their capacity as lawyers, does not show on its face a conclusive purpose or intention to hinder, delay, or defraud creditors, though from considerations of prudence it might have been best not to have embraced it in the deed.

10. Deed of Trust—*Omission of Property—Fraud—Correction of Deed—Case at Bar.*—The omission, through the inadvertence of the draftsman and not by the intention of the grantor, of certain personal property of small value, from the property conveyed by a deed of trust to secure creditors, is not fraudulent *per se*, especially where there is nothing on the face of the deed to suggest that any property was omitted, and it is conceded that no actual fraud was intended, and the mistake was corrected by a supplemental deed executed the next day.

Appeal from a decree of the Corporation Court of the city of Charlottesville. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Timberlake & Nelson* and *J. M. Perry,* for appellant.

*Lee & Howard, Quarles & Pilson* and *J. A. Alexander,* for appellees.

Harrison, J., delivered the opinion of the court.

The bill in this case, which was filed by the appellant, seeks to set aside a deed of assignment for the benefit of creditors,

made by the appellee, John W. Augustus to John L. Lee and Volney E. Howard, trustees, on the first day of April, 1903, upon the ground that it was fraudulent both in fact and in law, and was made with intent to hinder, delay and defraud the creditors of the grantor.

A mass of evidence was taken in an attempt to support the allegation of fraud in fact, but by the decree appealed from this charge was held not to be sustained, and the deed was declared also to be not amenable to the allegation of fraud *per se.*

In this court the appellant abandons the contention made in the court below that the deed was fraudulent in fact, and limits the attack here to the charge of fraud *per se,* insisting that there are provisions appearing upon the face of the deed inconsistent with and adequate to the defeat of its avowed object and purpose.

There is no doubt that the provisions of a mortgage or deed of trust may be of such a character as of themselves to furnish conclusive evidence of fraudulent intent, but the presumption of law is in favor of honesty, and the court cannot presume fraud unless the terms of the deed preclude any other inference. *Williams et als* v. *Lord & Robertson,* 75 Va. 390. This authority is illustrative of many others to the same effect in this State. See *Peters* v. *Bain,* 133 U. S. 670, 10 Sup. Ct. 354, 33 L. Ed. 696.

The purpose of the deed before us is indicated in the outset by the expressed desire of the grantor that all of his property and assets shall be subjected to the payment of his debts in such manner as that no one creditor may have any advantage over another and that he shall have and enjoy a complete release from all further liability to any creditor who shall share in the proceeds of the assets conveyed.

Since 1837 it has been the established law of this State, by

repeated judicial decisions, that a deed of assignment by a debtor of his property for the payment of his debts, which stipulates for his release by his creditors from personal liability for such part of their debts as the fund may not discharge is valid. *Skipwith's Exor.* v. *Cunningham,* 8 Leigh 271, 31 Am. Dec. 642; *Long, Tr.,* v. *Meriden Britannia Co.,* 94 Va. 595, 27 S. E. 499.

In cases like this, the intent with which the deed was made is the vital subject of inquiry. We will now consider, in their order, the provisions which it is claimed constitute constructive or legal fraud, and show an intention on the part of the grantor to hinder, delay and defraud his creditors.

The first and second grounds of objection are founded upon the same clause, which is as follows: "In trust, nevertheless, to secure (after the payment of all costs and expenses of executing this trust) the payment of the following debts, namely:" (Here follow the names of a long list of creditors and the amount of their respective debts), "and also any other creditor whose claim may have been inadvertently omitted from this deed, which may be admitted by the said Augustus or otherwise shown to be correct; the object of the said Augustus being to provide for all of his creditors without discrimination. And should it appear that the amount of the debt of any creditor above named has been herein incorrectly stated, the said trustees are authorized to adjust and correct the same and pay according to the true amount of the debt, and the approval of said Augustus may be taken by said trustees as conclusive of the correctness thereof."

The objections urged to this clause are (1) that it secures, in addition to the debts named in the deed, such as may have been inadvertently omitted, and which may be admitted by the grantor or otherwise shown to be correct; and (2) that it au-

thorizes the trustees to adjust and correct the debts named in the deed, and pay the same according to the true amount of the debt, and that the approval of the grantor may be taken as conclusive of such correctness.

In support of the objection that the deed is invalid because it secures debts not named therein, which may be admitted by the grantor or otherwise shown to be correct, appellant relies on the case of *Spence* v. *Bagwell,* 6 Gratt. 444. In that case no opinion was filed. The syllabus is as follows: "A deed of trust held to be fraudulent on its face, though executed to indemnify a *bona fide* surety;" from which it would seem that the question before us was not considered by the court in that case.

In the case of *Dance* v. *Seaman,* 11 Gratt. 778, Judge Allen refers to the case of *Spence* v. *Bagwell, supra,* and undertakes to state the several grounds of objection to the deed in that case, but does not mention the objection urged in the case at bar as one of them. We are of opinion, therefore, that there is nothing in the report of *Spence* v. *Bagwell, supra,* to stamp it as controlling authority for the contention here made.

In the case under consideration the declared purpose of the grantor is to secure all of his creditors without discrimination, and in pursuance of that purpose he provides that any creditor whose claim may have been inadvertently omitted from the list of debts mentioned in the deed shall be admitted to an equal participation in the trust fund with those creditors who are named. Not to have provided for creditors whose claims may have been inadvertently omitted from the deed would have been a disregard of the avowed purpose to secure all of the creditors without discrimination. The contention that the trustees are bound by the provision under consideration to pay all debts that are admitted by the grantor to be correct, thus

making him the judge and arbiter of his own debts, is not tenable. The debts named in the deed are thereby admitted by the grantor to be correct, but neither the trustees nor any creditor is, for that reason, denied the right to question their correctness or to assail their validity upon any ground. So the debts inadvertently omitted, if there be such, may be shown to be correct by the evidence of the grantor, or any other evidence; but it is manifestly an unsound contention that the trustees are bound by the provision under consideration to pay such debts as are admitted by the grantor to be correct, if they have reason to believe that such debts are not correct. On the contrary, it is expressly provided that the trustees must pay according to the true amount of the debt. They cannot pay a debt inadvertently omitted, or adjust and correct those named in the deed except according to the true amount, and to do so without the exercise of proper care and diligence to ascertain that true amount would be a breach of trust. It is true that the trustees may take the approval of the debt by the grantor as conclusive of its correctness, but they are not bound to do so and will not do so unless they are satisfied that the true amount is thereby established. They are bound to act honestly and prudently, and if they are guilty of fraud or carelessness the law will hold them responsible at the instance of any creditor.

It is often the case that the amount of a debt is inaccurately stated in the deed and the power given to adjust and correct was merely a recognition that such inaccuracies might exist in this deed and that the trustees were expected to look to this and see that only the true amount of each debt was paid. Independently of this provision it would have been the duty of the trustees to determine the true amount of the claims to be paid by them. The grantor was not only a competent but an important witness in determining the true amount of any debt,

and if his testimony on the subject was sufficient to satisfy the trustees no reason is perceived why they should not accept it as conclusive. It is true the parties to this deed may act dishonestly, and it would be hardly possible to provide against fraudulent conduct if they were inclined to perpetrate a fraud; but there is nothing in the clause under consideration to indicate any other than an honest purpose, and we cannot presume that the trustees will dishonestly administer their trust.

The third ground upon which the validity of the deed is assailed is based upon the following clause: "Furthermore, should any difficulty or question arise as to the validity or amount of any claim of any creditor against said Augustus, or as to the validity or amount of any claim of said Augustus against any debtor, the said trustees are authorized to compromise and adjust the same on such terms as they may deem proper or expedient."

This provision does not, as contended, authorize the trustees to dicker and trade with the creditors, paying some less and others more, as in the deeds involved in those cases cited by appellant in support of its position. *McConnell* v. *Sherwood* (N. Y.), 38 Am. Rep. 537; *Gazzam* v. *Poyntz* (Ala.), 37 Am. Dec. 745. In the cases relied on by the appellant, the power conferred on the trustee was either to compromise or compound with any or all of the creditors, which was in the opinion of the court a power to trade with creditors whose debts were undisputed, with a view to depriving them of a part, at least, of their just dues, or to change the order of the preferences.

In the case at bar it clearly appears that it was not the intention of the grantor to force the creditors into a settlement of their claims in a manner prejudicial to their interests. The clause here assailed expressly limits the power of the trustees, in this matter of adjusting claims, to compromising only such

claims as are in dispute as to validity or amount. There must be a *bona fide* dispute or question, and when there is, it cannot be doubted that it would be wise for the trustee to compromise or adjust such a claim in good faith for the benefit of the creditors. If a trustee should compromise and adjust such a claim, without any authority in the deed for so doing, and report his action to a court of equity, it would be confirmed when ascertained to have been reasonable and judicious. A clause like that under consideration will be held valid or invalid according to the extent and nature of the power conferred by it. When the power extends, as in the case before us, only to an ascertainment of the amount and validity of the claim or claims, as to which any difficulty or question arises, but leaving the trustees bound to pay the true amount due, it cannot be held to bear upon its face a plain purpose to defraud the creditor.

As said by this court in *Taylor* v. *Mahoney,* 94 Va. 511, 27 S. E. 108: "The question is not whether the trustee might prove unfaithful, . . . a contingency of which there is no intimation in the deed, but whether the provisions in the deed, if carried out according to their apparent intent, would be fraudulent in their operation." Citing *Peters* v. *Bain, supra.*

The fourth ground of objection made to the deed is based upon the following clause: "The said trustees may give notice to any creditor of said Augustus not herein named, by advertising in the Lynchburg News for a period of five days, to present to the trustees his claim, and after the expiration of ten days from the first publication the trustees shall proceed with the execution of this trust upon the hypothesis that there are no other creditors than such as may have then presented their claims, unless such other claims shall thereafter be presented before the actual distribution of the fund. After the said trustees have ascertained all the creditors, as above pro-

vided, and after all the money to be realized has come into their hands or a sufficient proportion thereof to enable the creditors to approximate the amount, they shall submit such a statement to the several creditors as will enable them to approximate the proportion of their claim which will be paid by the trust fund, and to act advisedly."

It is contended in support of the assault upon this clause that it does not describe the property conveyed or the liabilities of the debtor, so as to give the creditors sufficient information with respect thereto; that it does not afford the creditors a reasonable time in which to make their election, and fails to specify a time within which the creditors may obtain such information as the deed does not afford them, and decide understandingly whether or not to accept the deed.

In *Williams* v. *Lord & Robertson, supra,* it was held that the property conveyed was sufficiently described as "all the stock of goods now in the storehouse occupied by said Williams at West Point," and that no schedule was necessary. Citing *Gordon* v. *Cannon,* 18 Gratt. 387, in which case it was held that the general description of a stock of goods as in a certain place and all debts of every description due to the firm, and all other assets and effects of the firm wherever they may be, was a sufficient description of the property without any schedule or inventory.

In the case at bar the property conveyed is described as "all of the stock of goods owned by the grantor, situated in the storehouse now occupied by him, No. 1028 Main street, Lynchburg, Virginia; and also all cash in bank, any and all accounts or other choses in action which may be owned by the said John W. Augustus; also the lease on said storehouse, his merchant's license, and any other right owned by said John W. Augustus in connection with his business at said place." This

description of the property conveyed is quite as full as that found in either of the cases cited, and in addition the name and residence and the amount of every known creditor is given. The assets were described as fully as they conveniently could be, and in the light of the authorities cited, the description must be held to be sufficient.

The contention is not sound that the creditors listed, as well as those not named in the deed, must present their claims to the trustees before the expiration of ten days from the first publication of a five days' notice. The five days' advertisement provided for is specifically for the creditors not named and for them only. By the terms of the deed the trustees were bound to recognize and provide for the listed creditors unless they should decline to accept the provision made for them.

In *Gordon* v. *Cannon, supra,* it is said: "When creditors are put to their election, whether they will accept the provision made for them by the debtor in an assignment of his property and give him a release, or be excluded from the benefit of the assignment, it is reasonable that the deed should give to the creditors all the information in the power of the debtor, as to the nature and value of the property conveyed and the amount of the debts intended to be provided for, and reasonable time to obtain such information as the deed may not afford, and to make up their minds deliberately and understandingly whether they will accept or reject the offer made to them."

It will be observed that under this ruling no specific time is required, but only a reasonable time within which creditors must accept or reject the deed. The object of a time limit is to give the creditors an opportunity to accept or reject the terms of the deed before the fund is disbursed. If this opportunity is given to the creditors by the terms of the deed, even though no specific day be fixed as the limit, all is secured to the creditors in this respect that could reasonably be desired.

In the case at bar the trustees were bound, as already stated, to recognize the listed creditors; the notice mentioned provided for the creditors whose debts may have been inadvertently omitted; and in order to secure to all the creditors the fullest information and the amplest opportunity to act advisedly the clause in question provides that "After the said trustees have ascertained all the creditors as above provided, and after all the money to be realized has come into their hands, or a sufficient proportion thereof to enable the creditors to approximate the amount, they shall submit such a statement to the several creditors as will enable them to approximate the proportion of their claim which will be paid by the trust fund, and to act advisedly." The statement here provided for must contain all the information necessary to enable the creditors to act advisedly in making their election. This provision secures the creditor more complete protection than a specific time limit would do. But it is earnestly urged that under this provision the trustees could furnish the statement and then proceed immediately to disburse the fund before the creditors had time to act. This position, like those already considered, is based upon the unwarranted presumption that the trustees will or may act dishonestly in administering their trust. The provision plainly means that when the statement is furnished, a reasonable time will be given the creditors in which to act, and this is all that can be asked or required. If the trustees were to adopt the course suggested by counsel, it would be a breach of trust, and the courts are open to afford relief to any creditor who may be injured by their wrongful act.

The fifth ground of objection made to the deed is based upon the following clause: "The said trustees shall out of the money realized pay: First. All costs and expenses of executing the trust, including a fee to Lee & Howard of $25.00 for preparing

this deed, a commission to said trustees of five *per cent.* on the gross amount of sale, and such other fees as may be properly due for any services rendered by them as lawyers in connection with the affairs of this trust."

This objection does not appear to have been relied on in the lower court, but it is contended here that the allowance, in addition to commissions, of other fees for such legal services as the trustees may render the trustees in their capacity as lawyers, is invalid because a direct pecuniary inducement is thereby offered them to engage in useless litigation, and thereby impair the fund and delay the final settlement of the assignment; that the trustees are placed under a constant temptation to consult themselves in their capacity of attorneys, in the transaction of every piece of business connected with the trust and charge the fund with a fee.

With respect to the allowance of "such other fees as may be properly due for services rendered as lawyers in connection with the affairs of the trust," we are of opinion that from considerations of prudence it might have been best not to have embraced it in the deed. We cannot say, however, that it shows on its face a conclusive purpose or intention to hinder, delay and defraud the creditors. It is true the trustees might abuse their trust in this respect, as they might also do in any other respect, but as already often repeated, it is well settled that the presumption is that they will act honestly and not dishonestly. This court has held that when parties to a suit unrepresented by counsel reap the benefit of services rendered in the progress of a cause, it is right and proper that those who received the benefit should be required to make just compensation for it. *Stoneburner & Richards* v. *Motley,* 95 Va. 790, 30 S. E. 364. The deed of trust provides for the payment of such fees as may be "properly due." The remuneration is further limited to

such fees as may be properly due for services rendered by them "as lawyers" in connection with the affairs of the trust. If, therefore, the deed only provides for such compensation as the law allows, it is not objectionable to the extent of vitiating the deed. Choses in action are conveyed to the trustees, and it might well have been contemplated that some litigation would arise in collecting these claims. For such services the trustees could have employed other lawyers, and no reason is perceived why, as lawyers, they should not render the service themselves and be paid a fair and reasonable compensation. Under our statute a trustee must settle his accounts before the commissioner of accounts. (Code, 1904, secs. 2674-2678.) Every charge against the trust fund is subject to the scrutiny of the commissioner as well as to the inspection of all parties interested. And, finally, if the trustees should yield to the temptations suggested and abuse their trust in the manner indicated, the doors of courts of equity are always open for the correction of such abuses.

In addition to the foregoing objections, it is contended that the deed is void because it omits a substantial portion of the assets of the grantor.

In view of appellant's frank concession, both in the petition and in oral argument, that it has failed to establish the charge that the deed was fraudulent in fact, and in view of the further fact that there is not a word on the face of this deed to suggest that any property had been omitted, this contention might well be passed over, as it can only be determined by looking to other evidence of fraud than that furnished by the deed itself. As already stated, there is nothing on the face of the deed to suggest any omission of property as a ground of fraud *per se;* but dealing with the objection as raising a question of fact, we find from the record that through the inadvertence of the draughts-

man, and not by the intention of the grantor, certain personal property, consisting of household and kitchen furniture, two colts, carriages, harness, etc., which was subsequently sold by the trustees for $346.00, was omitted. If this could be held to be a substantial omission, it would only be a badge of fraud which may be overcome by proof. *Didier* v. *Patterson,* 93 Va. 536, 25 S. E. 661. The omission is shown to have been the result of a mere accident. That the purpose was to defraud the creditors is utterly repelled by the record, which shows that as soon as the draughtsman, who was one of the trustees, discovered his mistake, he sent for the grantor, called his attention to the matter and immediately a supplemental deed was executed conveying to the trustees the omitted property upon the same terms prescribed in the first deed. The original deed is dated first day of April, 1903, and the supplemental deed bears date April 2, of that year, showing that within twenty-four hours the mistake was discovered and promptly corrected. Under these circumstances it cannot be said that an intention to defraud has been established.

Upon the whole case, we are of opinion that there is no error in the decree appealed from, and it must be affirmed.

*Affirmed.*