# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## TURNBULL AND OTHERS v. BUFORD, ADMINISTRATOR AND OTHERS.

### June 8, 1916.

### Absent, Cardwell, J.

1. FIDUCIARIES—*Settled Accounts—Presumption—When and How Opened—Case in Judgment.*—When fiduciaries have settled their accounts in a chancery suit pending for that purpose, and such settlements have been duly confirmed, from time to time, by decree of court, they are presumed to be correct and cannot be opened, except upon a proper proceeding filed in due time, in which the errors complained of must be specifically pointed out, and the parties affected thereby given an opportunity to be heard. In the case in judgment these principles have been ignored, and in addition thereto, the parties, including the judges who have successively sat in the cause, having the most intimate knowledge of all the transactions, have passed away, and it is now too late to overhaul their settlements, which have been ratified and confirmed by the court, especially upon the bare assumption of errors that do not appear.

2. COUNSEL FEES—*Allowance—Case in Judgment.*—Upon the proofs already in the record and upon such additional evidence as may be adduced by the parties, a reasonable fee should be ascertained and allowed to each of the appellants for their services as attorneys in this case. Great injustice has been done them by the allowance of fees heretofore made them.

3. MASTER'S REPORT—*Notice—Exception—Case in Judgment.*—It was error for the master, without authority from the decree of reference, and without notice to the parties to charge a commissioner of the court with a sum of money which he had by a former report charged to an administrator, and a large part of which the administrator had paid. The exception to the master's report on this ground should have been sustained, and his report recommitted with instructions to reconsider his action in the light of such evidence as might be adduced by either party, after notice to the commissioners.

4. COSTS—*Case in Judgment.*—Under the circumstances of the case in judgment, it would be inequitable to impose upon the appellants, who are

fiduciaries, any part of the costs of these proceedings which have been incurred through no fault of theirs.

Appeal from a decree of the Circuit Court of Brunswick county. From a decree holding commissioners of the court liable for large sums of money, the commissioners appeal.

*Reversed.*

The opinion states the case.

*N. Turnbull* and *Jeffries & Jeffries*, for the appellants.

*Buford & Peterson*, for the appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this cause was filed in 1874 by the executors of W. W. Talley, deceased, asking the court to direct them in the administration of their testator's estate, and in the investment of the funds in their hands as executors, in which, by the terms of the testator's will, a life estate had been created with remainder to infant children. The court directed the investment and reinvestment of the funds in question, under its supervision and decrees, through its own commissioners appointed for the purpose, who would regularly report their transactions in this behalf and have the same ratified and confirmed by the court. This method of handling the funds has continued until the present time. In 1893 Robert Turnbull, one of the appellants, succeeded to this office of commissioner and continued to act as such until 1906. When he ceased to be commissioner he had a balance of unin-

vested funds in his hands amounting to $1,596.22.
Subsequently the appellant, Edward R. Turnbull, as
commissioner, appointed for the purpose, collected and
reinvested under the orders and decrees of the court
certain of these funds. At the time of his last invest-
ment it appears that he had a balance of principal in
his hands uninvested amounting to $2,447.50.

During the pendency of this suit, now forty-two
years, several personal representatives have succeeded
each other in the management of the estate of W. W.
Talley, deceased, the last appointment being the
appellee, E. P. Buford, in April, 1912, who immediately
upon his qualification as such administrator, and with-
out any petition for rehearing or other pleading point-
ing out errors, procured a decree referring the cause to
a master commissioner, with authority to call to his
aid a certified public accountant, and with directions
to ascertain and report to the court certain accounts
which involved opening up and restating all of the
innumerable accounts and settlements of the various
executors, administrators and commissioners which
had been made and confirmed in the cause since the
suit was brought in 1874. By thus disregarding and
ignoring these reports and decrees confirming the
same which had been entered by the judges who had
previously sat for so many years in the cause, this
sweeping and expensive investigation resulted in fixing
upon the appellants a liability for interest claimed to
be due from them on certain funds passing through
their hands as commissioners which had not been
reinvested within thirty days after they were received.
It is from this and subsequent decrees charging ap-
pellants with interest on all moneys that came into
their hands and remained uninvested longer than
thirty days, regardless of former decrees ratifying and

confirming their acts with respect to such matters, and refusing to allow them reasonable fees for their professional services as attorneys in the cause, that the present appeal has been taken.

It is apparant that the decrees complained of, which directed the master commissioner, with the aid of a certified public accountant, to rip up, reopen and restate all of the settlements and reports made by the appellants as commissioners, and confirmed by the court, was erroneous as well as the subsequent decrees complained of carrying into effect the result of the master's investigations under the first-mentioned decree. This was not authorized by any rule of law or practice.

"If it were permitted, the essential principle which imputes verity to public records would be overturned, and no man's rights, depending upon the sacredness of the records, would be secure and incalculable mischief would be the result." *Nelson's Admr.* v. *Knowslar's Ex'ors.* 79 Va. 468.

When fiduciaries have settled their accounts in a chancery suit pending for that purpose, and such settlements have been duly confirmed, from time to time, by decree of court, they are presumed to be correct and cannot be opened except upon a proper proceeding filed in due time, in which the errors complained of must be specifically pointed out, and the parties affected thereby given an opportunity to be heard. *Corbin* v. *Mills*, 19 Gratt. (60 Va.) 438.

As already seen, there was no petition for rehearing in the case before us, and no errors pointed out in any one of the settlements sought to be reopened. The parties, including judges who have successively sat in the cause, having the most intimate knowledge of all these transactions, have passed away, and it is now

too late to overhaul their settlements which have been ratified and confirmed by the court, especially upon the bare assumption of errors that do not appear.

The record shows that great difficulty was encountered in finding investments promptly for these funds, arising in large measure from the fact that the court would not permit a loan to be made except upon real estate assessed for taxation at double the amount of the loan and from which the timber had not been removed. In view of the very low assessment of the lands, these conditions made it difficult to find desirable borrowers who could comply with the court's terms, frequently necessitating the holding of collections for reinvestment longer than would otherwise have been necessary. The record further shows that during all the years of their connection with this case these appellants were only credited in their settlements with $29.00 and $17.00 as commissions upon the collection and reinvestment of these funds under the supervision and decrees of the court. It may well be that the learned judges before whom their accounts were settled, took the view that under such circumstances it would be inequitable to charge these appellants with interest on the funds for investment which were held, without fault on their part, beyond a period of thirty days. There is no evidence that the appellants ever actually derived any benefit from the funds which were from time to time delayed in their hands awaiting investment.

The contention of the appellants that the court erred in refusing to allow them reasonable fees for their services as attorneys in this cause is, we think, well taken. The record shows that under an understanding between the appellant, Robert Turnbull, and one of the administrators of this estate, he was paid

as attorney $20.00 *per annum* during the long period
that he was connected with the case.    Appellant says
that this small annual stipend was his agreed compen-
sation for once a year looking over the administrator's
papers with him and putting them in shape for his
annual settlement before a· commissioner.    On the
other hand the administrator insists that it was in-
tended to cover his entire compensation for the ser-
vices rendered in the cause on all accounts and for
all the parties thereto.    The court increased this
allowance, in the case of the appellant E. R. Turnbull,
to $50.00 *per annum.*

The appellants were, succeeding each other, the sole
counsel connected with this case for more than twenty
years, rendering in that time all of the varied profes-
sional services that would necessarily be imposed upon
any lawyer in conducting a suit of this character,
involving a large estate.    No one can examine this
voluminous record, with its countless reports, state-
ments, settlements and decrees, without being im-
pressed with the great volume of professional services
necessarily rendered therein by counsel, nor without
being satisfied that great injustice has been done ap-
pellants by the·allowance of fees that has been made
to them.    We are of opinion that, based upon the proof
already in the record and upon any additional evidence
that may be adduced on the subject by the parties, a
reasonable fee should be ascertained and allowed to
each of the appellants for their services as attorneys
in this case.

It further appears that, in a report filed December
3, 1912, by the master, acting under an order of refer-
ence, which was subsequently confirmed, Ashby Man-
son, the then administrator of the estate, was charged
with a balance due from him of $897.01.    Ashby

Manson appears to have admitted his liability for this sum by subsequently paying $400 thereof to E. P. Buford, the present administrator. Acting under a later order of reference the same master without authority from the decree to do so, and without any notice to the appellants, changed his former finding and relieved Ashby Manson of the $897.01, theretofore charged to him and charged the same to the appellants as commissioners and attorneys. This report was duly excepted to, appellants insisting that they could show that this sum was properly charged to Ashby Manson and that the action of the master was arbitrary and without notice to them, and that it was error in the lower court to confirm this finding without giving them an opportunity to be heard. We are of opinion that the circuit court should have recommitted this report to the master with directions to him to reconsider the action complained of in the light of such evidence as might be adduced by either party after due notice to the appellants.

The appellees insist under assignment of cross-errors that the lower court erred in allowing E. R. Turnbull $50.00 *per annum* for his services as attorney, and in not requiring the costs of this litigation to be paid by the appellants. Both of these propositions are wholly without merit. So far as the small attorney's fee allowed E. R. Turnbull is concerned, we have already pointed out that it was totally inadequate compensation for the services rendered and that a reasonable fee should be allowed him.

So far as the demand for costs is concerned, the record shows that this litigation, attacking all the settlements of this estate made and confirmed through the last forty years, thereby entailing heavy costs, especially in paying the public accountant, was in-

augurated by the appellees and has been very barren
of results. The appellants are in no way responsible
for it; on the contrary, they have protested against
such proceedings. The doctrine, relied on by ap-
pellees, that "where a *cestui que trust* is driven to liti-
gation with his trustee, to establish the amount of the
trust fund, where their difference is not an honest
difference of opinion to be settled by judicial inquiry,
and he recovers more than the trustee admitted to be
due, the trustee may pay the costs," has no application
to the facts of this case. But for the erroneous charge
of additional interest, nothing would have been found
due from appellants beyond what they admitted and
were ready to pay. So far as the record shows the
funds involved have been faithfully administered by
the various officials who have handled them through-
out the forty or more years they have been in court.
Under such circumstances it would be most inequi-
table to impose upon the appellants any part of the
costs of these proceedings which have been incurred
through no fault of theirs.

In conclusion, we are of opinion that in ascertaining
the balance, if any, due from the appellants in this
case, Robert Turnbull should be charged with the
amount shown to be in his hands when he ceased to
act as commissioner, with interest thereon from that
date, subject, however, to credit for all sums that he
has paid on such balance since that date and further
subject to credit for the amount of such reasonable
fees as may be ascertained to be due him for his ser-
vices as attorney in this case; and that the appellant,
E. R. Turnbull, should be charged with the balance
shown to be in his hands on December 2, 1910, the
date of the last investment made by him, with interest
thereon from that date, subject, however, to credit for

all sums that he has paid on such balance since that date, and further subject to credit for the amount of such reasonable fees as may be ascertained to be due him for his services as attorney in this case.

It follows from what has been said that the decrees complained of must be reversed and set aside, in so far as they affect the appellants, and the cause remanded for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*