---

(No. 12994.—Reversed and remanded.)
THE PEOPLE *ex rel.* Edward Livers *et al.* Appellees, *vs.*
. W. P. HANSON *et al.* Appellants.

*Opinion filed December 17, 1919.*

1. ATTORNEYS AT LAW—*attorney cannot represent conflicting interests.* An attorney cannot represent conflicting interests nor undertake to discharge inconsistent duties, and when he has been retained and has received the confidence of his client he cannot enter the service of persons whose interests are adverse to those of his client even though his motives and intentions are honest.

2. STATE'S ATTORNEYS—*when State's attorney is disqualified to file information in quo warranto.* A State's attorney who has advised and directed all the proceedings for the organization of a school district is disqualified to file an information in the nature of *quo warranto,* though on the relation of a private person, attacking the organization proceedings, and as the State's attorney is disqualified to act his assistant is also.

3. SAME—*office of assistant State's attorney does not exist until county board has acted.* The office of assistant State's attorney does not exist until the county board has determined that such assistant is necessary, and the action of the county board does not relate back so as to authorize the prior acts of a person assuming to act as such assistant.

4. QUO WARRANTO—*who may file petition for leave to file information.* No one except the State's attorney or Attorney General has authority to file a petition for leave to file an information in the nature of *quo warranto* under section 1 of the Quo Warranto act, but if the State's attorney is disqualified the petition may be filed by the Attorney General or a special State's attorney.

APPEAL from the Circuit Court of Hardin county; the Hon. J. C. EAGLETON, Judge, presiding.

CHARLES DURFEE, and JAMES A. WATSON, for appellants.

CLARENCE E. SOWARD, State's Attorney, (JOHN W. BROWNING, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

An information in the nature of *quo warranto* purporting to be by Clarence E. Soward, State's attorney of Hardin county, upon the relation of Edward Livers and others against W. P. Hanson and others, to oust them from the offices of members of the board of education of a consolidated school district embracing certain territory in townships 12 and 13, south, range 8, east, and townships 12 and 13, south, range 7, east, in Hardin county, Illinois, was filed in the circuit court of said county. The information is based upon the alleged illegality of the district because of irregularity in the proceedings for its formation. Five pleas were filed to the information, to the first four of which demurrers were sustained. Replication was filed to the fifth plea, and after a hearing on the issues thus joined the court entered a judgment of ouster against appellants. To reverse that decree appellants have perfected this appeal.

The first contention made by appellants is that the court improperly sustained the demurrer of appellees to appellants' first plea. This plea alleged, among other things, that

Clarence E. Soward, whose name appears on the information as State's attorney of Hardin county, was one of the petitioners who signed a petition for the consolidation of districts 16 and 17; that appellants, together with other persons whose names are subscribed to the petition for consolidation, employed said Soward as an attorney and legal adviser to aid and direct them in their efforts to secure consolidation of said districts into a consolidated district and when so consolidated to legally direct the organization of such consolidated district; that said Soward, as such attorney and legal adviser, undertook the matter of such organization and consolidation; that his advice and directions were followed and obeyed by appellants; that he directed and advised in legal detail the matter of the election of this board of education for said consolidated district; that, acting upon the advice and counsel of said Soward, appellants have incurred expense in employing teachers and engaging rooms and otherwise in preparing to maintain school in said consolidated district, and that said Soward, by reason of such employment, is barred and forever estopped from presenting and filing this information in his official capacity as State's attorney of Hardin county or otherwise. We have held that an attorney cannot represent conflicting interests or undertake to discharge inconsistent duties. When he is once retained and has received the confidence of a client he cannot enter the service of those whose interests are adverse to those of his client, no matter how honest his motives and intentions. (*People* v. *Gerold*, 265 Ill. 448; *Strong* v. *International Investment Union*, 183 id. 97.) In the cases cited we discuss this question at length and set out fully the reasons for the establishment of this rule. No good purpose could be served by re-stating the reasons here. The rule finds further support in 3 Am. & Eng. Ency. of Law, (2d ed.) 295, 6 Corpus Juris, 619, and 2 R. C. L. 973. An attorney can not properly appear against a party in a criminal proceed-

ing when he is employed to represent such party or has represented him in a civil case arising out of the same matters. (3 Am. &. Eng. Ency. of Law,—2d ed.—299; 6 Corpus Juris, 621.) The court committed reversible error in sustaining the demurrer to this plea.

It appears that when the petition for leave to file this information was presented to the court, Clarence E. Soward, the State's attorney, was out of the State and that his name was subscribed to the petition and the information by John C. Oxford, and that said petition for leave to file said information and the information itself were presented to the court by said Oxford. Appellants obtained a rule against said Oxford to show by what authority he signed the name of Clarence E. Soward to said petition and information, and in response to said rule said Oxford produced the records of the county court of Hardin county showing his appointment as assistant State's attorney by Clarence E. Soward, dated May 14, 1919, and his oath of office as such assistant State's attorney bearing the same date. There is no such office as assistant State's attorney until the county board has determined that an assistant State's attorney is required. (Hurd's Stat. 1917, p. 1502.) This petition for leave to file the information was filed on May 14, 1919, and at that time the county board of Hardin county had not determined that an assistant State's attorney was required in that county. The fact that the county board later determined that an assistant was required can have no bearing on the question whether or not said Oxford was assistant State's attorney when said petition was presented and leave was obtained to file said information. The first section of the Quo Warranto act does not authorize anyone to present a petition for leave to file an information in the nature of a *quo warranto* other than the Attorney General or State's attorney. In exercising this right such officer must act in his official capacity and under a sense of official duty. He must necessarily exercise judg-

ment and discretion in the filing of every such information. Where the relator has a private grievance distinct from that of the public at large which is enforcible by a proceeding under the act, the State's attorney must determine whether or not the petition is in proper form, and the accompanying affidavit of facts is *prima facie* sufficient, and in matters which are of purely public interest he determines whether or not the petition shall be presented to the court, and such discretion cannot be controlled. (*People* v. *Healy,* 230 Ill. 280; *Porter* v. *People,* 182 id. 516; *People* v. *North Chicago Railway Co.* 88 id. 537.) An assistant State's attorney could not present a petition to the court for leave to file such an information except under the supervision of the State's attorney. Therefore this proceeding cannot be prosecuted by said Oxford, first, for the reason that he was not at the time an assistant State's attorney; and second, for the reason that his superior is disqualified and therefore he is disqualified. Neither the People of the State of Illinois nor the appellees are in any way barred from proceeding in this case, because a petition can be presented by the Attorney General or by a regularly appointed special State's attorney.

Entertaining the views we do regarding the right of the State's attorney of Hardin county to proceed in this matter, we deem it unnecessary to consider the other questions raised and argued in the briefs.

The judgment of the circuit court is therefore reversed and the cause remanded to the circuit court of Hardin county, with directions to dismiss the petition and information without prejudice to the right of the Attorney General or a regularly appointed special State's attorney to institute a new proceeding, either on the relation of appellants or others or on his own motion.

*Reversed and remanded, with directions.*