**In the Matter of W. T. BYRNS, INCORPORATED, Bankrupt.**

No. 23208.

United States District Court
E. D. Virginia,
Norfolk Division.

Nov. 14, 1966.

———◇———

Howard I. Legum, Norfolk, Va., for Andrew S. Fine and Louis B. Fine, Norfolk, Va.

Philip L. Russo, Norfolk, Va., for Jerrold G. Weinberg, trustee.

Jerrold G. Weinberg, Norfolk, Va., trustee.

## MEMORANDUM ORDER

WALTER E. HOFFMAN, Chief Judge.

Remaining for consideration in the above matter is the request for compensation for services allegedly performed by an attorney for the trustee under a deed of assignment who also served as attorney for the grantor corporation. By this Court's memorandum order hereto-

fore entered on August 17, 1966, the question presented was stated to be—

> "May an attorney who is in law partnership with his father, and who is serving as sole trustee under a deed of assignment, retain the legal services of the father as attorney for the trustee under the deed of assignment, where the father also represents the grantor corporation and its president, which corporation subsequently was adjudicated a bankrupt on an involuntary petition filed by certain creditors, and should the bankruptcy court allow any compensation for services performed by the father for the trustee under said deed of assignment?"

■ Assuming, without deciding, that the father performed beneficial services to the estate, we do not believe that it is permissible to make an allowance under such circumstances. True, the deed of assignment authorized the trustee to employ the services of counsel where necessary, and we agree that, even absent the express written authorization, a trustee may in good faith employ counsel to advise and assist him in the discharge of his duties which may be beyond the normal duties ordinarily performed by the trustee. Cochran v. Richmond & A. R. Co., 91 Va. 339, 21 S.E. 664; Berkeley and Harrison v. Green, 102 Va. 378, 46 S.E. 387. Likewise, there are instances in which a trustee or other fiduciary is entitled to an appropriate fee, in addition to his commissions, where he renders necessary legal services clearly beyond normal duties. Joel Bailey Davis Co. v. Augustus,[1] 105 Va. 843, 54 S.E. 985; Swank v. Reherd, 181 Va. 943, 27 S.E.2d 191.

■ The deed of assignment from W. T. Byrns, Incorporated, to Andrew S. Fine, trustee, was executed and recorded on June 11, 1965. The involuntary petition in bankruptcy was filed on June 23, 1965—a matter of 12 days intervening. In the interim period an action was filed in a state court by Haycox Construction Company, Incorporated, against W. T. Byrns, Incorporated and Andrew S. Fine, trustee. The trustee, Andrew S. Fine, secured the legal services of P. B. White to represent the trustee in the state court injunction suit.[2] It is significant to note that the affidavit of Andrew S. Fine states as follows: "Because of a possibility of a confliction of interests, the said trustee engaged the services of Mr. P. B. White". But if this conflict of interest existed by reason of the fact that the trustee's father and law partner represented the grantor corporation under the deed of assignment, it most assuredly existed in giving *general* advice to the trustee in the administration of the trust.

Counsel for the petitioner refers to a booklet entitled "Opinions on Professional Ethics" from the City of New York Bar Association, same being number 198, formerly number 245, as follows:

> "*Question.* May the attorney for a debtor act, with professional propriety, as assignee, or as attorney for the assignee, in an assignment for the benefit of creditors proceeding?

> "*Answer.* In the opinion of the Committee, there is no professional impropriety in a lawyer's acting as assignee or the attorney for an assignee for the benefit of creditors."

The foregoing opinion does not, standing alone, meet the situation here presented. It does not purport to suggest that the attorney for the assignee should be selected from the same law firm; nor does it cover the father-son relationship.

---

1. The allowance of a fee for legal services performed by the trustees was specified in the deed of assignment. The court issued this caveat, "we are of opinion that from considerations of prudence it might have been best not to have embraced it in the deed". The court pointed out that, under the Virginia statute, all charges against the trust were reviewable by the commissioner of accounts.

2. The attorney, P. B. White, was allowed a fee for his services as counsel for the trustee, Andrew S. Fine.

444

The petition for an allowance for services rendered by the father as attorney for the trustee under the deed of assignment requests the sum of $5,000.00, "or such an amount as the Court may deem proper". As a memorandum of such services rendered, there is attached to the petition a Xerox copy of the request for an allowance by the trustee under the deed of assignment.[3] There is an obvious duplication of services. In fact, the trustee under the deed of assignment filed a report with the referee pursuant to 11 U.S.C. § 110(a) (8) and 11 U.S.C. § 11(a) (21) setting forth in detail his activities as assignee, and in said report nothing was said with respect to any services rendered by his father and law partner as his attorney.[4]

The procedure in Virginia relative to the execution and recordation of a deed of assignment is *ex parte* in nature, and without judicial supervision until such time as the trust is fully executed after which the trustee is required to settle his accounts with a standing commissioner of accounts. There is no court approval required for selecting the trustee or his attorney. There is no procedure available to determine the necessity of employing the services of an attorney for the trustee. Of course, the trustee is merely the agent for the grantor under the deed of assignment at the time the deed is executed and recorded, but not thereafter.

The reasons for disapproving any recognition of the alleged attorney-client relationship in this case are similar to the logic giving rise to the generally acknowledged rule that an attorney for the bankrupt is ineligible to serve as trustee in bankruptcy. As said in 2 Remington on Bankruptcy, p. 560, § 1101:

"There are many cogent reasons why his election should not be approved.

The most obvious is the possibility that it may be his duty as trustee to take legal proceedings against the bankrupt. In that event, the difficulty and embarassments which may result from the recent confidential relations between the two may be of the most serious character. The presumptions against his eligibility are so strong that his choice should not be confirmed where his election has been brought about in any part by his own activities and those of the bankrupt."

While not in the record on review, but apparent from an examination of the bankruptcy file in this case, an obvious conflict of interest did develop in the bankruptcy proceedings. The corporation's president, Byrns, was served with a show cause order and, following a hearing, an order was entered on April 27, 1966 requiring Byrns to turn over to the trustee in bankruptcy the sum of $7,588.08 which had apparently been withdrawn from the corporate bank account shortly prior to the execution and recordation of the deed of assignment. It is true that, prior to the hearing on the show cause order, the firm of attorneys, who previously served as counsel for the assignor under the deed of assignment, counsel for the assignor's president, counsel for the bankrupt, and, as to Andrew S. Fine, the trustee under the deed of assignment, did withdraw as counsel for Byrns individually when the conflict was brought to their attention. It is also true that there was probably insufficient time between June 11, 1965 (when the deed of assignment was recorded) and June 23, 1965 (when the involuntary petition in bankruptcy was filed) to determine whether Byrns had withdrawn the money from the corporate bank account. Nevertheless, the evils of recognizing an attorney-client relationship under such circumstances are apparent.

3. The trustee under the deed of assignment was allowed a fee of $1,000.00 which is now on appeal before the United States Court of Appeals for the Fourth Circuit.

4. The report does, however, mention the services rendered by P. B. White who appeared as attorney for the trustee under the deed of assignment in the state court injunction action.

If bankruptcy had not intervened, it would have been the duty of the trustee under the deed of assignment to take such steps as may have been required to proceed against Byrns individually. Certainly this could not have been done by the attorney who had previously represented the corporation and Byrns. See: Canons of Professional Ethics adopted by the Virginia State Bar (Canon 6); American Bar Association, Canons of Professional Ethics (Canon 6). In the celebrated case of Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165, the Supreme Court recognizes allowances to counsel for a trustee under a deed of assignment with the caveat that (1) services are compensable as far as they "tend to the preservation or benefit of the estate" which excludes any allowance for legal assistance rendered in resisting adjudication and relegates to the status of a general claim the fees for preparing the deed of assignment, and (2) reimbursement is due not as a provable claim, or even as a cost of administration, but on the theory that the assignee would be entitled to deduct his allowable expenses from the property that he is required to surrender to the bankruptcy court.

 This is not a matter of determination of motives and intentions. They may be perfectly honest and still not allowable for compensation purposes. Anderson v. Eaton, 211 Cal. 113, 293 P. 788; People ex rel. Livers v. Hanson, 290 Ill. 370, 125 N.E. 268; Morris v. Glaser, 106 N.J.Eq. 570, 151 A. 760, 765. While the trustee under a deed of assignment is originally selected by the assignor, he, nevertheless, upon his acceptance of the trust, becomes the trustee for the benefit of the assignor's creditors. As was said in Alexandria Gazette Corporation v. West, 198 Va. 154, 93 S.E.2d 274, 280:

"Moreover, a lawyer who is representing one person cannot fairly undertake to advise an opposite party."

Legally, at least, the father who represented the assignor corporation and its president could not advise his son whose primary legal interest was in representing the assignor's creditors. The best summation is set forth in Sun Building & Loan Ass'n of Newark v. Rashkes, 119 N.J.Eq. 443, 183 A. 274, as follows:

"No man can serve two masters; for either he will hate one, and love the other, or he will cling to one, and slight the other. Ye cannot serve God and mammon."

Holding that the referee correctly refused to consider any claim for compensation in behalf of the father who contends that he served as attorney for his son in his duties as trustee under the deed of assignment, the order of the referee entered on April 27, 1966, is affirmed.