In the Matter of the Guardianship of Thomas
Gordon Angell, a Minor.

Kenneth C. Angell, Guardian of the Estate of Thomas
Gordon Angell, a Minor, Appellant, and John S.
Petersen and Zalmon Goldsmith, Claimants-
Appellees.

Gen. No. 11,339.

Second District, First Division.

June 9, 1960.

Rehearing denied June 27, 1960.

Hempstead, Redman, and Shearer, of St. Charles, for appellant.

Goldsmith and Dyer, of Aurora, for appellees.

McNEAL, P. J.

The question for determination on this appeal is whether or not an assistant state's attorney may lawfully claim a fee for services in a civil case depending upon the same state of facts in which a criminal prosecution shall depend. The Probate Court of Kane County denied such a claim against the Guardianship of Thomas Gordon Angell, a minor, but on appeal to the Circuit Court and a trial de novo there the claim was allowed in full, and this appeal followed.

The claim for attorney's fees arose out of the following facts. On August 11, 1953, a car driven by Melvin Utley struck a bicycle ridden by two boys, Thomas Angell and David Phillips. David Phillips was killed. Thomas Angell was injured. Melvin Utley was placed under arrest. The parents of Thomas Angell retained the law firm of Petersen & Goldsmith to represent their son in his civil suit for damages. John S. Petersen, a member of the firm, was also an assistant state's attorney. At the inquest into the death of David Phillips, Petersen entered his appearance as assistant state's attorney and also as attorney for the Angells. He proceeded with the prosecution of Utley, who was indicted by the September grand jury. The other member of the law firm, Zalmon Goldsmith, obtained an agreement from the parents of Thomas Angell to pay the firm of Petersen & Goldsmith one-third of

240

any sum recovered in any civil action brought for the injuries to Thomas Angell. He also investigated the civil case, obtaining photographs, medical reports, statements, etc. In December of 1953, the Angells discharged Petersen & Goldsmith and retained other attorneys. In February of 1954, Utley was tried and acquitted by a jury on a charge of reckless homicide. At that trial the prosecution was conducted by John S. Petersen.

Through their other attorneys the Angells obtained a settlement of $19,000 in the civil action and this sum was paid into their son's guardianship, which had been opened in the probate court. Petersen & Goldsmith filed a claim for $6,333.33 based on their written contract with the Angells. The probate court denied the claim on the ground that it violated the provisions of Sec. 7, Ch. 14, Ill. Rev. Stat., 1959. On appeal, however, the circuit court held that this statute did not apply to an assistant state's attorney and allowed said claim in full.

Sec. 7, Ch. 14, Ill. Rev. Stat., 1959, reads as follows:

> "The state's attorney shall not receive any fee or reward from or in behalf of any private person for any services within his official duties and shall not be retained or employed, except for the public, in a civil case depending upon the same state of facts on which a criminal prosecution shall depend."

A leading case on the application of a statute such as ours appears in 123 ALR 1178, Callahan v. Jones (Wash., 1939), 93 P2d 326. In that case the firm of Cushing and Jones was retained to recover some stolen stock certificates. Cushing was prosecuting attorney and Jones was his deputy. Cushing and Jones recovered the stock and convicted the person who had stolen it. Cushing and Jones then sought to recover a

241

fee equal to twenty-five per cent of the value of the stock. The Washington Supreme Court held that they were barred by the statute which prohibited prosecuting attorneys from being engaged in any civil action depending upon the same facts as a criminal proceeding. In the course of its opinion the Court used the following language (123 ALR 1183, 1185):

"The legislative intent to entirely separate the official duties of prosecuting attorneys from any private gain clearly appears, and this legislative policy is so clearly in the public interest that the statute should not be restricted by judicial interpretation, but should be so construed as to accomplish to the full its beneficent purpose.

"The principle was long ago laid down that no man can serve two masters. It is not consistent with the public interest that a prosecuting officer may receive personal gain as the result either of the conviction or acquittal of one charged with infraction of the law, or in connection with the filing of any charge. Neither should the power of the state be used to discover facts or evidence which might result in private profit to the official vested by law with authority to use such power. The very appearance of evil in connection with the administration of public office must be avoided.

"The statute of this state above referred to is couched in general terms, and embodies a sound principle of law. The operation of the statute should not be limited by judicial construction. The law embodies an important principle of public policy, and should be construed so as to accomplish its purpose."

The Washington Court relied upon People ex rel. Hutchison v. Hickman, 294 Ill. 471, 128 N. E. 484. In

that case the state's attorney convicted one Mings of manslaughter. Thereafter he represented the victim's widow in a damage action. The Supreme Court held that his conduct violated the statute, and rejected the argument that the statute was not violated because the state's attorney was not involved in the civil case until after the conclusion of the criminal case. In the course of its opinion the Supreme Court said, pages 475, 476:

> "It was evidently the purpose of the legislature in enacting said provision to prevent any influence upon the discharge of the duties of the State's attorney by reason of personal interest on his part, through employment of individuals interested in the prosecution of a criminal charge, to prosecute a civil action depending on the same facts upon which such prosecution may rest.
>
> "If it be said that a State's attorney may be employed in a civil case after the conclusion of a criminal prosecution, such a holding invites evasion of the spirit of the law, which prohibits his being interested in the prosecution of a civil case based on the facts of the criminal case."

The state's attorney represents all of the people, including the defendant. His duty is not only to secure convictions, but to see that justice is done. He is a public servant whose sole allegiance is to the people. He should no more receive private gain for a conviction than for an acquittal. The statute involved in this case was enacted so that the people would be represented by independent prosecutors whose freedom of action would be entirely unhampered by any private arrangements. The facts in the case at bar are undisputed that the assistant state's attorney was a member of the law firm retained in a civil matter depending upon the same state of facts as the criminal

243

case which he was prosecuting. We believe that the statute applies to both the state's attorney and his assistants and that to allow the recovery of fees in this case would not only be contrary to sound public policy, but would clearly violate the spirit and intent of the statute.

We therefore conclude that the judgment of the Circuit Court of Kane County should be and it is reversed.

Judgment reversed.

DOVE and SPIVEY, JJ., concur.