THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney of Cook County, *et al.*, Plaintiffs-Appellants, *v.* LINCOLN TOWING SERVICE, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)  No. 62945

Opinion filed June 30, 1976.

Bernard Carey, State's Attorney, of Chicago, *pro se* (Sheldon Gardner and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for appellants.

Lipnick, Barsy & Joseph, of Chicago, for appellees.

Mr. JUSTICE HAYES delivered the opinion of the court:

This opinion does not relate to the merits of the instant appeal in any way. It disposes of a motion which was filed in this court by defendants-appellees and which raised an issue collateral to the appeal. Plaintiffs-appellants filed objections to the motion and themselves moved, in the alternative, for a full separate briefing of the issue, owing to its importance. We allowed the motion for a full separate briefing because we agreed with plaintiffs-appellants' assessment of its importance and because, were we to have taken the contested motion with the case, the issue raised might thereby have become moot. We set a briefing schedule

and the briefs were filed. They confirmed our conclusion that the issue was solely one of law, for which reason we dispensed with oral argument as having been improvidently granted and announced that we would dispose of the issue raised by the contested motion by separate opinion. This is that opinion.

The complaint which instituted this cause consisted of three counts. In Counts I and II, the plaintiff was the People of the State of Illinois on the relation of Bernard Carey, State's Attorney of Cook County, Illinois. In Count III, plaintiffs were Ayesha Rahim, Ali E. Guzeldere, and Steven Pattee, by their attorney, Bernard Carey, State's Attorney of Cook County, suing both individually and on behalf of all others similarly situated. The record contains a certification by Morgan M. Finley, Clerk of the Circuit Court of Cook County, that the complaint was filed without the payment of any filing fee, pursuant to section 14.1 of "An Act concerning fees * * *" (Ill. Rev. Stat. 1973, ch. 53, par. 31.1) (which provides, in relevant part, that "No fee provided herein shall be charged to any unit of local government or school district * * *"). It should be noted, however, that the plaintiff in Count III is not the People of the State of Illinois on the relation of the three named persons, individually and on behalf of all others similarly situated.

Examination of the complaint discloses the following:

Count I is an action in quo warranto challenging the charter authority of the defendant corporation to engage (through its officers, employees, and agents) in certain corporate activities in which it is alleged to be engaged and asking that it be permanently enjoined from engaging in those activities.

Count II is a civil proceeding to forfeit the charter of the defendant corporation, brought pursuant to sections 38—1 through 38—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, pars. 38—1 through 38—3), because (through its officers, employees, and agents) it had engaged in certain specified corporate activities. The count also sought a permanent injunction against the corporation, and its officers, employees, and agents, from engaging in the business of towing automobiles, trucks or other vehicles.

Count III is an action in tort for conversion of the automobiles of the respective named plaintiffs by the refusal of defendants to redeliver possession of the said automobiles unless and until the respective plaintiffs paid towing charges (and in some cases storage charges as well), which said charges did not constitute a valid lien on the said automobiles. Plaintiffs allege that defendants will continue to commit similar conversions unless enjoined. Attached to Count III were supporting affidavits of each of the named plaintiffs plus affidavits of several other persons in respect of their own vehicles. Plaintiffs ask:

(1) for a declaration that their action is a proper class action;

(2) for restitutional money damages for each named plaintiff in the amount of the towing and storage charges each had paid;

(3) for a permanent injunction prohibiting defendants from engaging in the business of towing automobiles, trucks, or other vehicles.

Defendants moved to strike and dismiss all three counts of the complaint. In addition, as to Count III, defendants moved for a declaration that the representation of the plaintiffs in Count III by the State's Attorney of Cook County is without constitutional or statutory authorization, and for the ouster of Bernard Carey, State's Attorney of Cook County, as trial counsel for the named plaintiffs. Plaintiffs filed objections to the motion to oust. Memorandums of law were filed by the parties, and a hearing was had on the motion and the objections thereto. The trial court denied the motion. In doing so, the court found: (1) that the representation of the plaintiffs in Count III by the State's Attorney of Cook County was without constitutional or statutory authorization; (2) that Count III involved simply a dispute by the private parties for money damages, and that it was improper for the State's Attorney to represent one private litigant or class thereof against another private litigant; but (3) that the court had no power to prohibit a duly licensed attorney to represent a client before it.

Subsequently, the trial court found that: (1) as to Count I, quo warranto was an inappropriate remedy under the allegations therein; (2) as to Count II, the statute which was the alleged basis for the count was inapplicable to the conduct complained of therein; and (3) as to Count III, the count failed to state a cause of action. Accordingly, the trial court dismissed the complaint. All plaintiffs then filed a timely notice of appeal from the dismissal of the complaint: relator Bernard Carey from the dismissal of Counts I and II, and the named plaintiffs, through Bernard Carey, State's Attorney of Cook County, from the dismissal of Count III.

Thereafter, defendants-appellees filed in this court the instant motion to oust the State's Attorney of Cook County from representing, as appellate counsel, the named plaintiffs who, both individually and on behalf of all others similarly situated, are appealing from the dismissal of Count III. After alleging that the said named plaintiffs had paid no filing fee for filing their appeal, the motion sought the said outster or, in the alternative, that the named plaintiffs be ordered to pay, within a short time and out of their own funds, the usual filing fee and other usual fees and costs involved in an appeal, on penalty else of the dismissal of their appeal.

The named plaintiffs-appellants, through Bernard Carey, State's Attorney of Cook County, filed objections to the motion on the ground, *inter alia,* that the issue in the trial court of the propriety of the State's Attorney's representation of the three named plaintiffs in Count III had

been waived by the failure of defendants-appellees to cross-appeal from the denial of its motion in the trial court.[1] We took the position, however, that the matter could be properly raised by motion in this court, because this court has its own independent interest in the propriety of representation by appellate counsel in this court. Hence, as noted above, we allowed plaintiffs-appellants' motion for separate briefing and disposition of the issue raised by the contested motion.

OPINION

It is important to note, at the outset, that we are not here reviewing the propriety of the trial court's disposition of what was in essence the identical motion in the trial court. Rather, we are disposing of a motion filed in this court seeking to prevent Bernard Carey, State's Attorney of Cook County, from acting as appellate counsel for the named plaintiffs-appellants in Count III. We have our own independent interest in the propriety of representation in our court.

The basic distinction which must be kept in mind in disposing of this motion is the distinction between Bernard Carey, acting professionally as the State's Attorney of Cook County, and Bernard Carey, acting professionally as a private attorney who is licensed to practice law in Illinois. As a general rule, State's Attorneys in Illinois may properly also engage in the private practice of law in civil matters to the extent to which their private practice does not interfere with the proper performance of their public duties and does not involve them in a conflict of interest. (Ill. Rev. Stat. 1973, ch. 14, par. 7 (and necessary implication therein); see generally, Mills, "The Practicing Prosecutor—Beset with Conflicts," 54 Ill. B.J. 606 (1966).) Defendants-appellees concede as much, but they would have us make the State's Attorney of Cook County an exception, on the ground that that office is obviously a fulltime job and the incumbent receives substantial compensation. Our disposition of the motion makes it unnecessary for us to resolve this contention.

The question becomes: In which capacity is Bernard Carey purporting to act in this court as appellate counsel for the named plaintiffs in Count III? We think it clear that his is purporting to act in his public capacity as State's Attorney of Cook County. He consistently describes himself as State's Attorney of Cook County: in Count III of the complaint; in the notice of appeal filed on behalf of all plaintiffs; in the objections filed to the instant motion; in the brief filed in support of those objections; and in the justification offered in the said brief for representing the named plaintiffs on this appeal in the capacity of State's Attorney of Cook

---

[1] The record contains a "cross-praecipe for record" filed with the Clerk of the Circuit Court calling for the inclusion in the record of all matters of record concerning their motion to oust in the trial court, but there is in the record no Notice of Cross-Appeal filed by defendants-appellees from the trial court's denial of the said motion.

County (see the next paragraph). Moreover, the named plaintiffs do not deny that they have paid no filing fee to our Clerk.

The office of State's Attorney is a constitutionally created elective office (article VI, section 19 of the 1970 Constitution of Illinois). The duties of the State's Attorney are spelled out in detail in Ill. Rev. Stat. 1973, ch. 14, par. 5. These legislatively prescribed duties comprise his authority to act in the capacity of State's Attorney. All the said duties involve matters in which the People of the State or of his county, as a collective entity (the body public), may be concerned. Defendants-appellees concede that the mere fact that, in performing these public duties, the State's Attorney may incidentally or collaterally protect or vindicate the legal right of one private citizen against another private citizen does not render the action of the State's Attorney improper. (See *People ex rel. Mahoney v. Decatur, Springfield & St. Louis Ry. Co.* (1905), 120 Ill. App. 229.) But defendants-appellees contend that it is improper, and indeed unauthorized, for a State's Attorney, acting in his professional capacity as State's Attorney, to represent one private citizen in a private tort action against another private citizen (*In re Guardianship of Angell* (1960), 26 Ill. App. 2d 239, 243, 167 N.E.2d 711: "The state's attorney represents all of the people * * *. He is a public servant whose sole allegiance is to the people"), and that that is precisely what the State's Attorney is doing as to Count III. We agree.

■■ In agreeing, we assume without deciding that the tort action of the named plaintiffs is a proper class action which was also properly joined with the other two counts filed in the name of the People of the State of Illinois by the State's Attorney in his capacity as State's Attorney. The State's Attorney suggests that the class on behalf of whom the named plaintiffs are suing in tort constitutes a substantial segment of the people of Cook County so as to make the suit a matter of concern to the people of Cook County. Even if true, that does not alter the fact that the members of the class are suing to redress the private legal right of each against the alleged violation of that right by the private individuals who are the defendants. The State's Attorney also suggests that the alleged tortious conduct of defendants is of such an outrageously antisocial nature that it has in fact become a matter of concern to the people of Cook County. Again, even if true, the matter involved in Count III is simply the alleged violation by one private citizen of the legal right of another private citizen. As such, it is improper for the State's Attorney, acting in his capacity as State's Attorney, to represent either private party and thereby to intrude the power and resources of the State into a dispute between private citizens as to whether the private legal right of one has been violated by the other. We say nothing, of course, as to whether the State's Attorney, acting in his capacity as State's Attorney, might properly seek our leave to file a brief as *amicus curiae* on the ground that the

people of Cook County, as a collective entity, are concerned about the scope and outrageously antisocial nature of the alleged tortious conduct of defendants.

We have decided thus far that Bernard Carey, in his capacity as State's Attorney of Cook County, may not represent the named plaintiffs-appellants as their appellate counsel in this court. It follows, of course, that those named plaintiffs must pay the filing fee, and other normal fees and costs involved in their appeal, out of their own funds.

■■ The question remains whether Bernard Carey, acting professionally in the capacity of a private attorney duly licensed to practice law in Illinois, may represent the named plaintiffs in Count III (a civil action in tort for conversion) as appellate counsel, either with or without compensation as the parties involved may agree. Defendants-appellees contend that he may not, owing to a conflict of interest which he might thereby create for himself. *Ordinarily*, we think it clear that we have no authority to interfere with the right of a private person to retain the private attorney of his choice as his appellate counsel. Nor do we have any duty *to prevent* a private attorney from accepting professional employment simply because he might thereby create a conflict of interest for himself, unless the potential conflict of interest would adversely affect the administration of justice in the civil matter before us for review (as it did, for example, in *People ex rel. Livers v. Hanson* (1919), 290 Ill. 370, 125 N.E. 268). Here, it clearly would not because Bernard Carey is not maintaining adverse positions, and we have no doubt that Bernard Carey in his capacity of private attorney would be an able and vigorous appellate advocate on behalf of the named plaintiffs in Count III.

But this is not the ordinary case, because it is controlled by a State statute which we have the authority and duty to enforce. The statute is section 6a of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1973, ch. 14, par. 7), which provides in relevant part as follows:

> "The state's attorney * * * shall not be retained or employed * * * in a civil case depending upon the same state of facts on which a criminal prosecution shall depend."

The statute is clearly directed not only to the State's Attorney in his capacity as a private attorney, but also to clients seeking to retain or employ him under the circumstances spelled out in the statute. The purpose of the statute is to prevent such private employment from influencing the decision of the State's Attorney as State's Attorney either to prosecute or not to prosecute criminally on the same state of facts. *People ex rel. Hutchison v. Hickman* (1920), 294 Ill. 471, 128 N.E. 484; *In re Guardianship of Angell.*

■■ Does the civil case represented by Count III (an action in tort for

conversion) depend upon the same state of facts on which a criminal prosecution shall depend? We think it does. We note first that the very joinder of Count III with the other two civil counts in one complaint must be based on the position that the alleged right to relief exists in respect of, or arises out of, the same transaction or series of transactions so that, had the plaintiffs brought separate actions, a common question of law or of fact would arise. (Ill. Rev. Stat. 1973, ch. 110, par. 23.) Next, examining the allegations in Count I, we note that paragraph 6A of that count alleges that the defendant-corporation (through its officers, employees, and agents) has purposely engaged in a persistent and consistent course of criminal trespass to vehicles in violation of section 21—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 21—2). Paragraph 6B of that count alleges that the defendant-corporation (through its officers, employees, and agents) has purposely engaged in a persistent and consistent course of unlawful intimidation, coercion, and other illegal conduct to compel others to deal with it, in violation of section 38—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 38—1), to wit: 1. unlawfully refusing to surrender the possession of towed automobiles after demands for possession by the parties entitled thereto, until an illegal towing and storage charge was paid; 2. entering and damaging vehicles in violation of section 4—102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 4—102(a) and (b)). Hence, Count I specifically alleges that officers, employees, and agents of defendant-corporation committed Class A misdemeanors for which they could be criminally prosecuted by Bernard Carey as State's Attorney of Cook County. Count II is based directly on the alleged violation of section 38—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 38—1), and the allegations of paragraph 6 of Count I are expressly re-alleged in, and made part of, Count II. The facts alleged in Count III involve the same acts of taking and retaining possession of plaintiffs' vehicles as were alleged in Counts I and II to constitute Class A misdemeanors. We conclude that section 6A of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1973, ch. 14, par. 7) applies to prevent the retention by the named plaintiffs-appellants of Bernard Carey in his capacity as private attorney, as appellate counsel in this case.

For the aforesaid reasons, the motion of defendants-appellees to oust Bernard Carey as appellate counsel for the named plaintiffs-appellants in Count III of the complaint is allowed, and the clerk of our court is hereby directed to strike the appearance of Mr. Carey as appellate counsel for the said named plaintiffs-appellants. Should the said named plaintiffs-appellants now wish to discontinue their appeal from the trial court's dismissal of Count III for failure to state a cause of action, they may file a motion to dismiss the appeal as to Count III. On the other hand, should

they wish to pursue their appeal, they are directed to pay the filing fee on or before 6 July 1976 out of their own funds. They may pursue their appeal either pro se or by substituted appellate counsel; if by substituted counsel, his or her appearance shall be filed on or before 16 July 1976. On this court's own motion, the time for filing appellants' briefs is extended to and including 9 August 1976.

Motion allowed with directions.

DOWNING and JIGANTI, JJ., concur.