THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY J. ROMANSKI, Defendant-Appellant.

Third District   No. 3—86—0575

Opinion filed April 28, 1987.

48

Joseph M. Gibson, of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria (Howard R. Wertz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

As a result of statements made during his closing argument before a jury, attorney Henry Romanski was found guilty of contempt. He was also fined and placed on conditional discharge for one year. Upon review of the record, we are unable to find that Romanski's actions were contemptuous. Therefore, we reverse.

On September 26, 1985, Romanski was representing Joseph Malone in a jury trial in Peoria County. Prior to closing arguments, the assistant State's Attorney submitted a motion *in limine*. He sought to prohibit any argument during closing statements which would inform the jury that a conviction could result in the defendant's discharge from the Marine Corps. The trial judge initially stated that such an argument would be improper and that if it were made, he would sustain the State's objection. After further discussing the propriety of this argument with trial counsel, the trial court stated:

> "Well, I suppose then the best thing is to grant the Motion in Limine. Court will grant it and order Mr. Romanski and the defendant not to mention—*not to argue anything about possible sentence or punishment* that could be imposed should the defendant be convicted." (Emphasis added.)

During Romanski's closing statement, the following interchange took place:

> "MR. ROMANSKI: What about his future? What about the fact he's a private in the United States Marine Corps? What is that going to do to his service if he is convicted?
>
> MR. TONER [Assistant State's Attorney]: Objection.
>
> THE COURT: Sustained. That remark is stricken and the jury is instructed to disregard that remark.

MR. ROMANSKI: A conviction should not be taken lightly. A conviction will follow somebody for the rest of their lives, and a conviction can be obtained if you believe beyond a reasonable doubt a person is guilty...

MR. TONER: Objection.

THE COURT: Sustained. Last remarks of Mr. Romanski are stricken, and the jury should disregard them and I'll tell you why."

The court then explained that even if the jury found the defendant guilty, the court had the option of placing the defendant on court supervision instead of entering a conviction. He further told the jury members that they were not to concern themselves with sentence or possible punishment, or the possibility of a finding of guilt "messing up" his Marine Corps career, because that would not necessarily happen. The court stated, "In fact, if you find him guilty, I will do everything in my power to see to it that his Marine Corp. (*sic*) career is not messed up."

When Romanski later told the jury that a conviction would remain on his client's record, the judge interjected that if the defendant successfully completed court supervision, the case would be dismissed. In response to Romanski's contention that the finding of guilt would still remain on the record, the court explained that after completion of court supervision, the defendant could petition the court and have the entire record expunged.

Later in the closing statement, Romanski reminded the jury that his client was a private in the Marine Corps and asked them to consider "the implications for Joe and the implications that will result if you find him guilty." The State's objection to that remark was sustained, but the remark was not stricken from the record.

On October 30, 1985, the Peoria County State's Attorney filed a petition for a rule to show cause, charging that Romanski's remarks at trial were in direct defiance of the court's *in limine* order. An order to show cause was entered on that date. Romanski filed several motions in response to the order, including a motion for substitution of judge, requesting the case be reassigned to a judge other than Judge Ebel, who was presiding when the allegedly contemptuous acts occurred. Judge Ebel denied the motion, but noted that due to the normal rotation of judges, he would not be assigned to the case. In his order, Judge Ebel also stated that the conduct complained of, if true, constituted direct criminal contempt which the court could have summarily sanctioned. He indicated that the matter was now being treated as indirect criminal contempt and that Romanski would there-

fore be afforded greater procedural formalities, including written notice of charges and a hearing.

Romanski was found guilty of contempt after a hearing on the charges. He was fined $300, ordered to pay court costs, and was placed on conditional discharge for one year. Following denial of his motion for a new trial, Romanski filed this appeal.

■■ Romanski first argues that the State did not prove beyond a reasonable doubt that he was guilty of indirect contempt. We agree. Criminal contempt is described as conduct which is calculated to embarrass, hinder, or obstruct the court in its administration of justice or to derogate from its authority or dignity. (*People v. Siegel* (1983), 94 Ill. 2d 167.) Direct contempt of court involves conduct occurring within the presence of the court and may be punished summarily, while indirect contempt occurs outside the presence of the court and must be established by the evidence. (*Allen v. Duffie* (1984), 127 Ill. App. 3d 820.) Had Judge Ebel regarded Romanski's actions as contemptuous, he could have imposed sanctions summarily. He chose not to impose sanctions at that time, and, as a result, we are unable to discern whether the judge considered the conduct to constitute contempt.

We must consider whether Romanski's remarks were in violation of the *in limine* order, and if so, whether they formed sufficient basis for a finding of contempt. The State contends that the trial court's order proscribed reference to "any possible ramifications of the client's conviction, sentence, or punishment upon the client's career in the Marine Corps." While in retrospect this may be the order the State wishes had been entered, it is not the order *in limine* entered by Judge Ebel. That order prohibited Romanski and his client from arguing "anything about possible sentence or punishment that could be imposed should the defendant be convicted."

■ Romanski's remarks during closing argument referred to the effects of a conviction and whether the conviction would remain on the client's record. He did not argue the possible "sentence or punishment that could be imposed," and therefore did not enter into the area specifically proscribed by Judge Ebel. As a result, we find that Romanski's remarks constituted a good-faith attempt to represent his client and cannot fairly be seen as a violation of the court's order *in limine*.

■■ ■ Even if we had determined that the complained of statements violated the court's order, we do not think it would justify a finding of contempt in light of the lack of clarity of the court's *in limine* order. In discussing the power of an *in limine* order, our su-

preme court stated, "Before granting a motion *in limine,* courts must be certain that such action will not unduly restrict the opposing party's presentation of its case. Because of this danger, it is imperative that the *in limine* order be clear and that all parties concerned have an accurate understanding of its limitations." *Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 550.

Based on our review of the record, we are unable to find that the order allegedly violated was clear and specific or that all parties concerned had an accurate understanding of its limitations. The State interpreted the court's order to prohibit Romanski from arguing the possible effects of conviction, sentence, or punishment on the defendant's military career. Romanski, however, interpreted the court's words literally, and avoided comments on the possible sentence or punishment the court might impose. This is a reasonable interpretation of the court's order *in limine,* and we do not think that Romanski's comments were calculated to embarrass, hinder, or obstruct the court in its administration of justice, or to derogate from its authority or dignity, as is required to constitute criminal contempt.

We note that Judge Young, who reviewed the transcript and the order *in limine* during a hearing on Romanski's motion for specific findings, also recognized the order's lack of clarity. He stated that immediately after the order was entered, it could have been interpreted to prohibit only discussion of possible sentence or punishment imposed by the court. Judge Young determined that it could also have been interpreted so that it proscribed argument about broader types of "punishment" such as preventing the defendant from entering the Marine Corps. But, concluded Judge Young, when the order was initially entered, Romanski had the right to base his interpretation on the formal wording of the order.

Judge Young found that when Judge Ebel later sustained the State's objections to Romanski's remarks, it became clear that Judge Ebel meant to prohibit comments on "the punishment or sentence imposed by the public or society" and "references to the effect of a conviction on his *** military career." First, we do not agree that sustaining the State's objections necessarily clarified the order. Second, the supposed clarifications do not negate the fact that the actual order *in limine,* as given, lacked the requisite specificity and clarity and was not clearly understood by all parties.

The extraordinary sanction of contempt must be exercised cautiously. (*People v. Bernard* (1979), 75 Ill. App. 3d 786.) As we are unable to find that the order *in limine* was specific and clearly understood or that any of Romanski's comments violated the order, the

order of the circuit court of Peoria County holding Romanski in contempt of court is reversed.

Because of our disposition of this case, we need not reach the other arguments raised on appeal.

Reversed.

BARRY, P.J., and WOMBACHER, J., concur.