HENRY J. ROMANSKI, Plaintiff-Appellant, v. JOHN A. BARRA *et al.*, Defendants-Appellees.

Third District   No. 3—90—0718

Opinion filed June 17, 1991.

126

Henry J. Romanski, of Oak Park, appellant *pro se*.

Kevin W. Lyons, State's Attorney, of Peoria (Chris L. Fredericksen, Assistant State's Attorney, of counsel), for appellees.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Henry J. Romanski, filed a complaint for malicious prosecution against the former State's Attorney of Peoria County, John A. Barra. Pursuant to county ordinance, the present State's Attorney of Peoria County, Kevin W. Lyons, filed his appearance on behalf of Barra. Romanski filed a petition for declaratory relief seeking to disqualify Lyons as defense counsel. Romanski contends the county ordinance that permits Lyons to represent Barra is unconstitutional and wrongly adopted. The trial court dismissed the petition. The trial

court ruled the plaintiff lacked standing to challenge the ordinance. The plaintiff appeals. We affirm.

During Barra's tenure as the State's Attorney of Peoria County, he had occasion to file a petition for a rule to show cause against Romanski. The petition alleged Romanski engaged in criminal misconduct before the Tenth Judicial Circuit Court. Romanski was ultimately found guilty by the court of indirect criminal contempt and sentenced to pay a fine of $300. Romanski appealed to this court and we reversed. (See *People v. Romanski* (1987), 155 Ill. App. 3d 47.) Romanski then instituted the present action.

■ Romanski seeks to challenge an ordinance enacted by the Peoria County board. The ordinance provides that Peoria County will indemnify and provide legal representation to present and former county officials in litigation arising from the good-faith execution of their official duties. The Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 2—302) specifically conveys to public entities the right to enact such ordinances. Romanski contends he has standing to challenge the ordinance based upon his due process rights as guaranteed by the Illinois and Federal Constitutions.

■ The question of standing presents to a court the issue of whether the constitutional or statutory provision on which a party's claim rests can properly be understood as granting persons in the plaintiff's position a right to judicial relief. (*Warth v. Seldin* (1975), 422 U.S. 490, 45 L. Ed. 2d 343, 95 S. Ct 2197.) This requires a party seeking declaratory relief to possess some personal claim, status, or right which is capable of being affected by the grant of a declaratory judgment. *Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462.

■ The problem with the plaintiff's petition for declaratory relief is that he fails to explain how any of his due process rights would be negatively affected by Lyons representing Barra. Indeed, it is difficult to discern any reason, other than personal animosity, why the plaintiff would concern himself with who represents or indemnifies his opponent. It is true there are instances where a party may properly move to disqualify opposing counsel, but such decisions usually involve ethical, not legal, considerations.

For example, in *Skokie Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.* (1983), 116 Ill. App. 3d 1043, 452 N.E.2d 804, the court disqualified the plaintiff's attorney, Allen Schultz, because Schultz had previously represented the defendant. Although Schultz filed an affidavit to the effect he had gained no knowledge through

his prior relationship with the defendant that would enure to the benefit of his present client, the court nonetheless ordered him disqualified. In affirming the ruling, the court noted the Illinois Code of Professional Responsibility may provide a basis for disqualification and that the Canon of Ethics is not only aimed at protecting only the attorney-client relationship, but also at maintaining public trust in the integrity of the bar by avoiding even the appearance of impropriety.

Likewise, in *People ex rel. Carey v. Lincoln Towing Service, Inc.* (1976), 40 Ill. App. 3d 126, 351 N.E.2d 342, the court disqualified Bernard Carey, the Cook County State's Attorney, from acting as appellate counsel for a private citizen in a tort action against another private citizen. The court noted that the State's Attorney is authorized to act in his capacity as State's Attorney in matters in which the People of the State or of his county, as a collective body, may be concerned. But that it is improper, and indeed unauthorized (see Ill. Rev. Stat. 1973, ch. 14, par. 7), for a State's Attorney, acting in his capacity as State's Attorney, to represent one private citizen in a private tort action against another private citizen.

■ In the case at bar, Romanski has failed to cite any ethical or statutory limitations that would warrant the disqualification of Lyons as defense counsel. Nor has he alleged with specificity the claim, status, or right which would be negatively affected by the denial of his petition for declaratory relief. The trial court's ruling that Mr. Romanski lacked standing to challenge the ordinance, therefore, was not in error. Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and SLATER, JJ., concur.